## Commonwealth v. Bafile

*Gailey C. Keller, District Attorney,* for Commonwealth.

*Thomas A. James,* for defendant.

MYERS, *P.J.,* August 23, 1977—Defendant was charged with failure to support a child born out of wedlock in violation of The Support Law of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §4323. A jury found defendant guilty, and he subsequently filed a timely motion for new trial.

In support of the new trial motion, defendant asserts that the court erred by refusing to allow the introduction of evidence concerning the welfare records of the prosecutrix. By means of the welfare records, defendant states that he intended to show the jury the amount of monthly welfare benefits being received by the prosecutrix. In addition, defendant intended to demonstrate that those ben-

efits would be terminated unless the prosecutrix agreed to bring the instant action against defendant. Hence, defendant's ultimate objective was to show bias on the part of the prosecutrix.

We believe, however, that defendant's argument is without merit. According to the regulations of the Pennsylvania Department of Public Welfare, the benefits of the prosecutrix would have been terminated if she had refused to bring the instant action. Nonetheless, the total amount of support being received by the prosecutrix would not have changed, whether defendant was or was not convicted.

If defendant had been found innocent, the prosecutrix would have continued to receive the same benefits to which she was entitled prior to trial. Since defendant was found guilty, her welfare benefits will be reduced, dollar for dollar, by the amount of support payments assessed against defendant.

In short, the *outcome* of the instant trial could have no effect on the total amount of support being received by the prosecutrix. Under these circumstances we do not believe that the prosecutrix's welfare records would have in any way demonstrated bias.

In our view, such records were irrelevant. The court properly refused to admit them into evidence.

### ORDER

And now, August 23, 1977, defendant's motion for new trial is denied. Exception noted.

Defense counsel is directed to forthwith arrange for conference in the Domestic Relations Office of Columbia County for purposes of fixing the amount of support to be assessed against defendant.